# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Regina Bryant, | Case No. 1:25-cv-166-PAB |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| Douglas A. Collins, Secretary of the U.S. Department of Veterans Affairs, | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

Currently pending before the Court is the Partial Motion to Dismiss ("Defendant's Motion") of Defendant Douglas A. Collins, Secretary of the United States Department of Veterans Affairs ("Defendant"), filed June 10, 2025. (Doc. No. 19.) On June 27, 2025, Plaintiff Regina Bryant ("Plaintiff" or "Bryant") filed a Brief in Opposition to Defendant's Motion ("Bryant's Opposition"). (Doc. No. 20.) On July 7, 2025, Defendant filed a Reply Brief in support of his Motion ("Defendant's Reply"). (Doc. No. 21.) On July 14, Bryant filed a Sur-Reply. ("Bryant's Sur-Reply").[1] (Doc. No. 23.)

For the following reasons, Defendant's Motion is **GRANTED**.

---

[1] Bryant styled this filing as another "Response to Defendant's Motion to Partial Dismissal" and wrote as follows: "Come Now, the plaintiff (Regina Bryant) who hereby submits these documents into evidence as an exhibit against the Defendant's Motion for Partial Dismissal". (Doc. No. 23 at PageID# 700.) However, this additional response sets forth her position and includes supporting documentation, so the Court considers the filing to be a Sur-Reply filed without leave of Court. Nevertheless, because Plaintiff is a *pro se* litigant, the Court will consider this filing in its analysis. *See, e.g.*, *Fedele v. INEOS Pigments USA*, 2025 WL 50240 at *1 n.2 (N.D. Ohio Jan. 8, 2025) (Barker, J.) ("In light of Fedele's *pro se* status, and because the Defendants did not move to strike his filings, the Court will nonetheless consider Fedele's Sur-Replies. However, in the future, Fedele is reminded that he must seek leave before filing any additional brief after filing his initial brief in opposition."); *Anderson v. Ridgeway*, 2024 WL 1466868 at *1 (N.D. Ohio Apr. 4, 2024) (Knepp, J.) (quoting *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006)) ("Despite Plaintiff not properly requesting leave of court before filing, the Court will consider Plaintiff's sur-reply in keeping up with case law holding [that] courts 'construe filings by pro se litigants liberally.'").

## I.      Background

### A.      Factual Allegations

At the time of the events alleged in her Amended Complaint, Bryant was employed as a Medical Supply Technician at the VA Medical Center in Cleveland, Ohio.  (Doc. No. 15-1 at PageID# 192.)  Bryant alleges that she was diagnosed with uterine cancer on November 8, 2022.  (Doc. No. 15 at PageID# 162.)  Her doctor scheduled her to have surgery on December 28, 2022.  (Doc. No. 15 at PageID# 163.)  Bryant "put in leave request on November 30, 2022."  (*Id.*)  On December 21, 2022, she "received an email from V.A medical center human resources stating that she was approved for leave."  (*Id.* at PageID# 165.)  But later that day, she "received another email telling her that she ha[d] been denied" time for leave.  (*Id.*)

Karen Kendrick, Bryant's supervisor and the Chief of the Sterile Processing Service, "refused to agree" to allow Bryant to take leave for her surgery because "she did not want the plaintiff to have any time off, to have the surgery."  (*Id.* at PageID# 166.)  Both Kendrick and Teresa Holder, the Office Timekeeper (referred to as the "Administrator" in the Amended Complaint), "refused to allow the plaintiff time off from work" and they "knew exactly what they were doing."  (*Id.*; *Id.* at PageID#s 161-62.)

On December 27, 2022, "the plaintiff receive[d] an email from the person she had been working with [at] Human Resource telling her that her department would not be approving her requests.  That was the last email plaintiff receive[d] from human resources[.]"  (Doc. No. 15 at PageID# 172.)  She "had no choice but to cancel her Cancer surgery, because she was denied leave to have the surgery."  (*Id.*)

Thus, Bryant avers that she "was subject to emotional Anguish and mental distress when she was denied time off from work for her cancer surgery.  The plaintiff was forced to cancel her cancer surgery because the chief of her department, Karen Kendricks, and the Administrator (Teresa Holder) acted in malice when they denied her time off for her Uterine cancer surgery." (Doc. No. 15 at PageID#s 161-62.)

Bryant alleges that "[t]hroughout [her] years of working in the VA Medical Center she has been harassed, bullied and forced to work in a hostile work environment." (*Id.* at PageID# 164.)  For instance, "[i]n another act of Intentional Infliction of emotional distress, the chief (Karan [sic] Kendrick) moved Dionna Arthur back to the same shift to work as the Plaintiff.  Dionna Arthur is the same coworker who has been harassing the plaintiff for years." (*Id.* at PageID# 173.)

Bryant "was rescheduled for surgery on July 14, 2023." (*Id.* at PageID# 176.)  On June 15, 2023, Kendrick "sent the plaintiff an Email requesting documentation from the plaintiff's physician on the surgical procedure and time she will be out of the department" but "[t]he plaintiffs Doctors had already faxed over [her] FMLA paperwork to human resources." (*Id.* at PageID# 178.)  The next day, Bryant responded to Kendrick "telling her that human Resource already had all my surgical procedure supporting documentation from my doctor's office." (*Id.* at PageID# 180.)

Finally, on July 7, 2024, Byrant alleges that she "was approved by Human resources to use my FMLA leave without pay for my surgery." (*Id.* at PageID# 182.)

**B.    Procedural History**

Bryant filed her Complaint in this Court on January 30, 2025.  (Doc. No. 1.)  On May 28, 2025, Bryant filed her Amended Complaint.  (Doc. No. 15.)  Therein, she asserts ten (10) claims: (1) "Intentional Infliction of Emotional distress;" (2) "Emotional Anguish;" (3) "Mental distress;" (4)

"Discrimination Based on Disability;" (5) "Harassment/Hostile work environment;" (6) Retaliation

for prior EEO activity;" (7) "Negligent Emotional distress;" (8) "FMLA Interference with right to

take Leave;" (9) "Willful Violation under the family and medical leave act;" and (10) "Family

medical leave Discrimination." (*Id.* at PageID# 157.) Bryant attached thereto a "Transmittal of Final

Agency Decision" from the "Department of Veterans Affairs Office of Employment Discrimination

Complaint Adjudication." (Doc. No. 15-1 at PageID# 188.)

On June 10, 2025, Defendant filed his Motion, seeking to dismiss Bryant's claims for

Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress

("NIED") for failure to exhaust her administrative remedies. (Doc. No. 19.) On June 27, 2025,

Bryant filed her Opposition. (Doc. No. 20.) On July 21, 2025, Defendant filed his Reply. (Doc. No.

21.) On July 14, 2025, Bryant filed her Sur-Reply. (Doc. No. 23.)

## II.    Legal Standard

In order to survive a motion to dismiss under Rule 12(b)(6),[2] "a complaint must contain (1)

'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause

of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"

*Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)).

---

[2] It is well established that a "failure to exhaust administrative remedies may appropriately be considered under Rule 12(b)(6)." *Mincey v. Univ. of Cincinnati*, 2012 WL 1068167 at *2 (S.D. Ohio Mar. 29, 2012) (citing *Youseff v. Ford Motor Co.*, 225 F.3d 660 (table), 2000 WL 799314 *2 (6th Cir. 2000)); *W.R. v. Ohio Health Dep't*, 651 Fed. Appx. 514, 517 n.3 (6th Cir. 2016) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)) ("Though the district court did not identify the rule under which it dismissed the complaint, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate for failure to exhaust administrative remedies."). "Section 2675 establishes mandatory claims-processing rules that must be satisfied prior to filing suit[,]" and so "the FTCA's exhaustion requirement isn't jurisdictional[.]" *See Mattox v. United States*, 2025 WL 2524845 at *4 n.5 (E.D. Ky. Sept. 2, 2025 (quoting *Kellom v. Quinn*, 86 F.4th 288, 293 (6th Cir. 2023) and *Copen v. United States*, 3 F.4th 875, 881-82 (6th Cir. 2021)); *see also Hykes v. Lew*, 2017 WL 4863108 at *2 (6th Cir. Mar. 1, 2017) ("Exhaustion, though, is only a condition precedent to filing suit, not a jurisdictional requirement." ).

4

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly,* 550 U.S. at 555–556).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)).  Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## III.  Analysis

In his Motion, Defendant argues that the Court should dismiss Bryant's IIED and NIED claims because she failed to exhaust her administrative remedies under the FTCA, 28 U.S.C. § 2675, before bringing this action.  (Doc. No. 19-1 at PageID# 242.)  According to Defendant, "Bryant does

5

not allege she has submitted an administrative tort claim to the VA before initiating this lawsuit for"

her IIED and NIED claims.  (*Id.* at PageID# 19-1 at PageID# 242.)  Thus, she has not alleged "that

she has exhausted her administrative remedies, or even pursued administrative remedies, for either

the intentional or negligent emotional distress claims prior to commencing this action."  (Doc. No.

19-1 at PageID# 244.)  In Bryant's Opposition, she argues that she has "exhausted all administrating

[sic] remedies" with the following argument:

> The plaintiff (Regina Bryant) filed Federal torts claim with the U.S. Department of Veterans Affairs office of General Counsel[3] on November 26, 2024.  The plaintiff's claim was reviewed by the Federal torts claim Attorney.
>
> The plaintiff's claim was denied by the Torts claim Attorney.  The plaintiff also received a certified letter from the Federal tort claims office Denying her claim.  The plaintiff mentions her federal tort claim in the initial Disclosures and will provide all the paperwork from her Torts claim in the production of Documents.

(Doc. No. 20 at PageID# 252.)

In his Reply, Defendant notes that "[f]or the first time, Bryant alleges she has exhausted her

administrative remedies" and only there, in her Opposition, does she allege that "she filed an

administrative tort claim on November 26, 2024."  (Doc. No. 21 at PageID# 266.)[4]  Defendant then

explains that *even if* the Court accepts Bryant's allegations in her Opposition (i.e., that she "filed

Federal torts claims with the U.S. Department of Veterans Affairs Office of General Counsel on

November 26, 2024" and that her "claim was denied by the Torts claim Attorney"), she nevertheless

filed this lawsuit before the denial and therefore prematurely.  (*Id.* at PageID# 268.)

---

[3] Hereinafter, the United States Department of Veterans Affairs, Torts Law Group is referred to as "TLG."

[4] Defendant also points to 38 C.F.R. § 14.604, which defines what it means for a claim to be "presented" under the FTCA but does not argue that Bryant failed to "present" her claim.  (*Id.*)

In her Sur-Reply, Bryant asks the Court to consider three letters from the TLG to show that she exhausted her administrative remedies.  (Doc. No. 23 at PageID# 700; Doc. No. 23-1 at 767-68; *Id.* at PageID#s 769-70; *Id.* at PageID# 771.)  In the first letter, dated February 5, 2025 (the "February Letter"), the TLG notes that it received her administrative complaint on November 23, 2024, but that TLG could not investigate it until she included a "sum certain."  (*Id.* at PageID# 767.)  In the second letter, dated March 21, 2025 (the "March Letter"), the TLG notes that "[f]rom the date VA received your claim, you are required to allow VA at least six months to consider your claim.  After VA has had your claim for at least six months, you may file suit in federal district court."  (*Id.* at PageID# 769.)  The March Letter concludes "Attorney Graig Komorowski has been assigned to research your claim.  If you are not contacted after six months from the date of this letter, you may want to contact him at (202) 603-4464 or craig.komorowski@va.gov.  Please note, VA staff handling FTCA claims work for the federal government and cannot provide you with legal advice or representation."  (*Id.*)  In the third letter, dated April 22, 2025 (the "April Letter"), the TLG specified that it denied her claim because

> [t]he employment issue(s) you raise in the SF-95 relate to your employment at the VA.  Such matters are not cognizable under the FTCA.  The proper forums for those complaints are the Merit Systems Protection Board (MSPB), [and] the Equal Employment Opportunity Commission.
>
> If you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, which provides for judicial review when an agency denies an administrative tort claim.  The claimant must initiate the suit within six months of the mailing of this final agency action (28 U.S.C. § 2401(b)).

(*Id.* at PageID# 771.)  Bryant reads the March Letter to mean "that the plaintiff had to wait six months before filing a lawsuit.  The reason the plaintiff is submitting this evidence is because prior to that, the plaintiff had no idea she had to wait to file a lawsuit . . . It was the first time the plaintiff had been

informed by the Torts Law Group that she had to wait six months to file a lawsuit." (Doc. No. 23 at PageID# 701.)  Second, Bryant explains that she commenced the immediate suit because she "was afraid that she would not be allowed to file her case because of the time limit of two years for the case to be filed in the district court." (*Id.*)  Third, "there was no information sent to her about the rule are [sic] laws of the torts claim.  The plaintiff only found out on March 24, 2025, that she could not file a case with the District court until the Torts claim was denied." (*Id.*)

As set forth below, the Court concludes that it must dismiss Bryant's IIED and NIED claims.

"This circuit has described this exhaustion requirement as a 'mandatory' claims processing rule." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 416 (6th Cir. 2024) (quoting *Kellom*, 86 F.4th at 293 and *Copen v. United States*, 3 F.4th 875, 880-81 (2021)); *Ellis v. Ficano*, 73 F.3d 361 (6th Cir. 1995) ("With regard to common-law tort claims against the United States, a plaintiff must exhaust administrative remedies under the FTCA.").  A plaintiff can therefore only bring a claim under the FTCA in district court if they have first exhausted their administrative remedies.[5]  Towards that end, 28 U.S.C. § 2675(a) defines when a plaintiff has exhausted their administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

---

[5] Also, as Defendant accurately notes, the FTCA is a "limited waiver of sovereign immunity." (Doc. No. 19-1 at PageID# 243) (citing *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004) ("In other words, the Act waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances") (citation omitted)).

28 U.S.C. § 2675(a). Thus, a plaintiff exhausts his or her administrative remedies when the agency either denies the administrative claim or waits six months without making a decision. *See Coker v. Summit Cnty. Sheriff's Dep't*, 90 Fed. Appx. 782, 784 (6th Cir. 2003) (citing 28 U.S.C. § 2675(a)) ("Denial of an administrative claim, however, is statutorily presumed if six months pass without action on a properly filed administrative claim.").

While § 2675(a) establishes when a plaintiff has exhausted administrative remedies, 28 U.S.C. § 2401(b) establishes the statute of limitations for a cause of action under the FTCA. There are two relevant limitations periods for tort claims brought under the FTCA. *See* 28 U.S.C. § 2401(b); *Staples v. Dewalt*, 2009 WL 1505560 at *5 E.D. Ky. May 27, 2009 (quoting 28 U.S.C. § 2401(b)). The first limitations period requires the plaintiff to present a claim "in writing to the appropriate Federal agency within two years after such claim accrues[.]" *Id.* The second limitations period requires the plaintiff to bring a civil action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim[.]" *Id.* The Sixth Circuit has explained:

> Section 2401(b) outlines the procedural requirements for bringing an FTCA tort claim and was enacted to 'require the reasonably diligent presentation of tort claims against the [g]overnment.' *United States v. Kubrick*, 444 U.S. 111, 123 (1979). It specifically requires claimants to first file their claim with the appropriate administrative agency within a two-year statute of limitations before bringing the claim into federal court. 28 U.S.C. § 2401(b). The claimant has the option to file in federal court as early as six months after filing with the administrative agency if a notice of denial has not been delivered to the claimant. *Id.* § 2675. Once an administrative denial has been rendered, however, a claimant then is required to file in federal court within a six-month statute of limitations that starts running as of the date of the notice of denial. *Id.* § 2401(b). This two-step process was enacted to preserve judicial resources by streamlining the process for valid claims and switching their starting place to the administrative agency with the most information instead of the federal courts.

*Kennedy v. United States Veterans Admin.*, 526 Fed. Appx. 450, 454 (6th Cir. 2013) (citing *McNeil*, 508 U.S. at 112 n.7). Combined, §§ 2675(a) and 2401(b) direct plaintiffs to bring their claims to the

9

relevant agency within two (2) years, and then—if denied or if six (6) months elapse without a decision—to file a civil action in district court within six (6) months thereafter.

As set forth below, the Court holds that Bryant's claims for IIED and NIED must be dismissed without leave to amend because she (1) failed to allege administrative exhaustion in her Amended Complaint, and (2) even if the Court included her proposed allegations in a subsequently amended pleading, those allegations also show that she failed to exhaust her administrative remedies.

### A. Bryant failed to allege administrative exhaustion of her IIED and NIED claims in her Amended Complaint.

"To assert a claim under the FTCA, then, a claimant must exhaust his administrative remedies prior to filing suit." *United States v. Scherer*, 2015 WL 5381671 at *17 (S.D. Ohio Sept. 14, 2015); *see also Harris v. United States*, 2023 WL 4530852 at *2 (N.D. Ohio July 13, 2023), *aff'd*, 2024 WL 3544617 (6th Cir. Apr. 4, 2024) ("Plaintiff's pleadings do not indicate that he has filed an administrative claim regarding any tort he seeks to assert in the case. Therefore, any such claim is subject to dismissal for this reason as well.").

Bryant failed to allege administrative exhaustion in her Amended Complaint. This deficiency is fatal to her IIED and NIED claims. Notably, Bryant did attach a Final Agency Decision, dated November 4, 2024 to her Amended Complaint (Doc. No. 15-1), and that document does operate as part of her Amended Complaint. *See Detrick v. KCS Int'l Inc.*, 781 F. Supp. 3d 588, 642 (N.D. Ohio 2025) (Barker, J.) (quoting Fed. R. Civ. P. 10(c)) (explaining that Fed. R. Civ. 10(c) makes any "copy of any written instrument that is an exhibit to a pleading [] part of the pleading for all purposes"). But the Final Agency Decision is unrelated to Bryant's administrative tort claims. Instead, that was a Final Agency Decision from the Department of Veterans Affairs Office of Employment Discrimination. (*Id.* at PageID# 189.) That Office only adjudicated her claims for "disparate

10

treatment based on disability," "reprisal," "harassment (non-sexual)" and "hostile work environment," not her IIED or NIED claims, which were evaluated by the TLG. (*Id.* at PageID# 197-98, 203.)

Accordingly, the Court concludes that Defendant is correct that Bryant's Amended Complaint fails to allege that she exhausted her administrative remedies as to her IIED and NIED claims, and therefore, she has failed to state a claim for IIED and NIED.

> **B.** **Bryant's proposed allegations fail to show that she exhausted her administrative remedies as to her IIED and NIED claims at the time she instituted this action.**

After Defendant filed his Motion, Bryant included the additional allegations noted above, namely that she did file an administrative tort claim on November 26, 2024, and that the TLG denied it. (Doc. No. 20 at PageID# 252.)  Both parties agree that the denial occurred on April 22, 2025. (*Compare* Doc. No. 21 at PageID# 268 [Defendant asserting that "On April 22, 2025, the administrative tort claim was denied"] *with* Doc. No. 23 at PageID# 701 [Bryant asserting "The plaintiff received a denial letter from the torts claims law firm on April 22, 2025" and "[o]n April 22, 2025, the plaintiff was sent a denial letter from the Torts law group which indicated that the issues she raised were not cognizable under the FTCA."].)

As set forth below, the Court concludes that Bryant could not amend her pleading in her Opposition, and that even if the Court considered such allegations in a properly filed amendment, the new allegations could not save her IIED and NIED claims.

> **1.** **Bryant cannot amend her Amended Complaint in her Opposition.**

The Court initially emphasizes that an opposition brief is not the proper procedural vehicle for amending a pleading.  *See Am. Assoc. of Nurse Anesthesiology v. Kennedy*, 2025 WL 2459208 at *5 (N.D. Ohio. Aug. 26, 2025) (Barker, J.) (quoting *Becton v. Corrs. Corp. of Am.*, 2017 WL 1461632

11

at *2 (M.D. Tenn. Mar. 28, 2017) ("[A] plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss.") and *Mohamed v. Bank of Am., N.A.*, 771 F. Supp. 3d 695, 708 n.5 (D. Md. 2025) ("[A] memorandum in opposition to a motion is not a proper vehicle for amending a complaint or adding new claims.")).  But Defendant correctly underscores that Bryant only included her allegations about administrative exhaustion for the first time in her Opposition, not in her Complaint or Amended Complaint.  (Doc. No. 21 at PageID# 266.)

Accordingly, the Court cannot consider Bryant's new allegations in its evaluation of her Amended Complaint, and thus, the Amended Complaint fails for the reasons set forth in Section III.A.

### 2. Bryant did not exhaust her administrative remedies as to her IIED and NIED claims.

Next, even if Bryant were to add the additional allegations she includes in her Opposition, those allegations establish that she did not exhaust her administrative remedies.  Bryant alleges that she filed her administrative tort claim with the TLG on November 26, 2024 (*see* Doc. No. 20 at PageID# 252) and she commenced this suit on January 30, 2025 (*see* Doc. No. 1), but the TLG denied her claim on either April 22 or May 9, 2025,[6] so the administrative denial occurred during the pendency of this suit.

Defendant cites *Johnson v. United States*, 2025 WL 92993 at *1 (W.D. Tenn. Jan. 14, 2025) and *Fawcett v. United States*, 2014 WL 4183683 at *4 (N.D. Ohio Aug. 21, 2014) to support his contention that exhaustion is a prerequisite for bringing a civil action.  Each case clearly supports that proposition.  In *Johnson* and *Fawcett*, the plaintiffs filed their civil actions before their administrative tort claims had been resolved, either through denial or after the six-month period had elapsed.  *See Johnson*, 2025 WL 92993 at *2 (dismissing civil action because the plaintiff failed to "submit an

---

[6] In her Sur-Reply, Bryant admits she received the denial letter on April 22, 2025.  (Doc. No. 22 at PageID# 701.)

administrative [tort] claim prior to the filing of this lawsuit" and noting that "the Government acknowledges that he submitted one *after* the filing of this lawsuit but the claim has not reached a final disposition."); *Fawcett*, 2014 WL 4183683 at *4 ("[T]he magistrate judge correctly concluded that Plaintiff's federal lawsuit—commenced on August 20, 2013—was initiated prematurely before the expiration of the six month period following the presentment of his administrative claim.").

Accordingly, because Bryant had not received a final decision from TLG when she filed this civil action on January 30, 2025, she failed to exhaust her administrative remedies, so her IIED and NIED claims in this action must be dismissed.  *See* 28 U.S.C. § 2675(a).

### 3. Bryant's post-exhaustion Amended Complaint also cannot assert her IIED and NIED claims.

Lastly the Court notes that although Bryant filed her *Complaint* before the TLG denied her administrative tort claims  (*compare* Doc. No. 1 [Complaint filed on January 30, 2025] *with* Doc. No. 23-1 at PageID# 771 [administrative claim denied on April 22, 2025]), Bryant filed her *Amended Complaint* (which maintained her IIED and NIED claims) on May 28, 2025—which was after the TLG denied her administrative tort claim on April 22, 2025.  (Doc. No. 15.)  Thus, Bryant's Amended Complaint came after she exhausted her administrative remedies, i.e., after she received the TLG's denial letter on April 22, 2025.  (Doc. No. 21 at PageID# 771.)

Still, this distinction is of no moment.  Filing a post-exhaustion amended complaint is not enough to satisfy 28 U.S.C. § 2675(a)'s requirement that the plaintiff "institute" an "action" under that statute.  *See* § 2675(a).  First, a close reading of *McNeil v. United States*, 508 U.S. 106 (1993) clarifies this principle.  Like Bryant, the plaintiff in *McNeil* filed a civil action and an administrative tort action, and the agency released its final decision during the pendency of the civil action.  *See* 508 U.S. at 112.  But the Court explained that "we think the normal interpretation of the word 'institute'

13

is synonymous with the words 'begin' and 'commence.' The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* (emphasis added).  The Court therefore concluded that "[t]he District Court properly dismissed his suit." *Id.*

The *McNeil* Court's reliance on completing exhaustion before invoking the judicial process clarifies why post-exhaustion amended complaints cannot satisfy § 2675(a);  it is beyond dispute that the complaint marks the "invocation of the judicial process" under *McNeil* because the complaint is what "commence[s] a civil action."  508 U.S. at 110; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").[7]  Thus, filing an amended complaint *after* exhausting administrative remedies, as Bryant has done here, cannot retroactively "institute" a new civil action consistent with § 2675(a).

Next, Defendant also cites *Harris v. City of Cleveland*, 7 Fed. Appx. 452 (6th Cir. 2001), which alludes to but does not directly stand for this principle.[8]  In January 1998, plaintiff Harris filed his complaint without FTCA claims; in May 1998, Harris filed both an amended complaint (adding FTCA claims) and he filed administrative tort claims with the appropriate agency; in August 1998, he filed a second amended complaint (reasserting his FTCA claims); in November 1998, six months elapsed after Harris filed his administrative tort claims, and thus, his administrative tort claims were deemed denied;[9] finally, the district court dismissed his FTCA claim in October 1999. *See Harris*, 7

---

[7] *See also United States ex rel. Dhillon v. Endo Pharms.*, 617 Fed. Appx. 208, 213 (3d Cir. 2015) ("Although an amended complaint supersedes an original complaint . . . the filing of an amended complaint does not begin a new action; it is a continuation of the original action.").

[8] *Johnson* and *Fawcett* also do not address amended complaints raising FTCA claims after exhaustion.  *See generally Johnson*, 2025 WL 92993; *Fawcett*, 2014 WL 4183683.

[9] The court wrote that "Appellant argues six months did eventually pass with no resolution of his claim prior to the district court's dismissal of the second amended complaint."  *Harris*, 7 Fed. Appx. at 458.  The Court interprets this to mean that

14

Fed. Appx. at 455, 458-59.  The Sixth Circuit affirmed, highlighting that "[u]nder the plain language of the statute as interpreted by this Court, the district court procedurally lacked subject matter jurisdiction to hear Appellant's FTCA claim in the second amended complaint because the claim had not yet become ripe when the ***complaint*** was filed." *Id.* (emphasis added).[10]  Thus, *Harris* established that a plaintiff's FTCA claim must be "ripe when the complaint was filed" or else it is subject to dismissal.  *See id.*  But as noted above, *Harris* is distinguishable because Harris did not amend his complaint *after* he received a final decision, as Bryant has done here.

Nevertheless, recent Sixth Circuit precedent squarely forecloses that option for Bryant as well. In *Kellom v. Quinn*, 86 F.4th 288 (6th Cir. 2023), *cert. denied sub nom. Kellom v. United States*, 144 S. Ct. 2661 (2024), the estate of a decedent shot by a federal agent brought a tort claim under the FTCA in a civil action against the Department of Homeland Security.  *See* 86 F.4th at 290.  "Then, the estate filed a claim with [] the Department of Homeland Security" which "denied the claim." *Id.* However, the court noted that after receiving the denial, "[t]he estate didn't bring a new suit.  Instead, in May 2018, it amended its earlier-filed complaint, continuing to assert the same FTCA claims as before."  But that was not proper.  "A plaintiff who fails to comply [with § 2675(a)] can't cure that failure by exhausting administrative remedies while the suit is pending: the claim must be reasserted in 'a new action.'"  *Id.* at 292 (quoting *McNeil*, 508 U.S. at 110-12).  The court concluded that "[i]n sum, the estate violated the FTCA by suing prematurely.  It didn't cure that defect by filing an

---

Harris argued that he received a final agency decision in November 1998 by operation of § 2675(a), i.e., six (6) months after he filed his administrative tort claim in May 1998.

[10] As explained above, the Sixth Circuit has more recently clarified that exhaustion is not jurisdictional, but a claims-processing rule.  *See Mattox*, 2025 WL 2524845 at *4 n.5 (citing *Kellom*, 86 F.4th at 293).

amended complaint." *Id.* at 293.[11]  *Kellom* is binding precedent, and therefore, it controls Bryant's case.  Bryant invoked this Court's judicial process on January 30, 2025.  (Doc. No. 1.)  That was too early, so an amendment cannot cure that legal defect.  *See id.*

Accordingly, and for all the reasons set forth above, Bryant has failed to state a claim for IIED and NIED under the FTCA because her Amended Complaint fails to allege that she exhausted her administrative remedies at the time she instituted this civil action on January 30, 2025, and her proposed allegations further establish that she did not exhaust her administrative remedies.

## IV.    Conclusion

For the foregoing reasons, Defendant's Partial Motion to Dismiss is **GRANTED**.  (Doc. No. 19.)  Plaintiff Regina Bryant's claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress are hereby dismissed.

**IT IS SO ORDERED.**

          _s/Pamela A. Barker_
          PAMELA A. BARKER
Date:  October 7, 2025      U. S. DISTRICT JUDGE

---

[11] Courts in other circuits agree.  *See, e.g.*, *Sparrow v. United States Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) ("If the claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless. Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."); *Johnson v. Allen*, 2005 WL 607911 at *2 (D.D.C. Mar. 14, 2005) (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)) ("Plaintiff initiated this civil action, however, in February 2004. His FTCA claim, then, is premature. This defect cannot be cured by amendment of the complaint at a later date. 'Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.'"); *Patterson v. Potope*, 2013 WL 1314050 at *30–31 (M.D. Pa. Mar. 28, 2013) (collecting cases) ("Here, it is undisputed that no final denial had been made as to the tort claim filed on January 25, 2011, when Plaintiff initiated this action.  Plaintiff's reliance on his motions to amend and to supplement, and on his amended complaint, which were filed after the agency claim was denied, is misplaced.").