IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINA BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS A. COLLINS,<br>SECRETARY OF U.S. DEPARTMENT OF VETERANS' AFFAIRS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:25-CV-00166<br><br>JUDGE PAMELA A. BARKER<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT |

Now comes Defendant Secretary Collins, by and through undersigned counsel, Assistant U.S. Attorney Renée A. Bacchus, and hereby files a Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment. (Dkt. # 34, Br. in Opp'n, PageID # 1022-1050.)

A. <u>Defendant is entitled to summary judgment on unexhausted claims.</u>

Bryant's discrimination claims based upon the denial of leave requests in December 2022 were correctly dismissed by EEO as untimely. Although Bryant alleges that she has satisfied the exhaustion requirements (*id.* PageID # 1024, 1041-42), she has not come forth with any evidence that she contacted EEO within forty-five (45) days of the denial of the leave requests submitted in December 2022. Bryant does not dispute the date she first contacted EEO, July 26, 2023 (Dkt. # 15, Am. Compl., Attach. 1, PageID # 189-192), nor does she argue that equitable tolling should apply. Bryant fails to demonstrate that the discrete acts that occurred in December 2022 were timely brought to the attention of EEO. Therefore, for the reasons set forth in Defendant's motion for summary judgment, Defendant is entitled to summary judgment on all of Bryant's Title VII and Rehabilitation Act claims premised upon discrete acts that occurred prior to June 12, 2023. (*See* Dkt. # 29, Def.'s Mot. Summ. J., PageID # 869-870.)

Likewise, any reasonable accommodation argument must be disregarded because it was not raised with the VA EEO. For the first time, Bryant argues in the Brief in Opposition that she can assert a claim for failure to accommodate. (Dkt. # 34, Br. in Opp'n, PageID # 1028.) Bryant did not timely raise a failure to accommodate claim during the EEO process, nor did she plead a failure to accommodate cause of action in the First Amended Complaint. (Dkt. # 15, Am. Compl., PageID # 157, Attach. 1: FAD, PageID # 189-190.) Because the claim was not timely exhausted it is not properly before the Court.

The only exhausted claims before the Court are Bryant's claims of disability discrimination and retaliation for prior EEO activity premised upon: (1) Management's (Kendrick) emails to Bryant in June and July 2023, requesting that she provide documentation from her physician on the surgical procedure and time that she would be out on leave for the second scheduled surgery in July 2023; (2) Management's decision on June 15, 2023 denying the request for Advanced Leave; and (3) the harassment and hostile work environment claim. (Dkt. # 15, Am. Compl., Attach. 1: FAD, PageID # 192.) Although EEO included the denial of advanced leave and leave without pay in December 2022 and June 2023, and management's request for documentation prior to signing off on the request for advanced leave in June and July 2023, in the hostile work environment claim, Bryant testified that her hostile work environment claim is based on management permitting Deanna Arthur, another Sterile Processing Tech with whom Bryant does not get along, to work on the same shift as Bryant following an unsubstantiated complaint of bullying (Bryant Tr. 127:2-7). Even though these are the only proper claims before the Court, Bryant's arguments are largely premised upon alleged discrete acts that occurred in December 2022.

B. Defendant is entitled to summary judgment on the FMLA claims.

Bryant concedes that as a Title II federal employee she does not have a private right of action pursuant to the FMLA. (Dkt. # 34, Br. in Opp'n, PageID # 1024, 1034.) It appears she has abandoned her claims of FMLA interference. (*Id.*) Instead, Bryant pivots to assert that the alleged FMLA interference is somehow evidence of "discrimination, retaliation, and failure to accommodate," without supporting legal authority.[1] (*Id.* PageID # 1025.) Bryant cannot shoehorn her FMLA claims into Title VII and Rehabilitation Act claims.

Even if Bryant could maintain a private action pursuant to the FMLA, Defendant would be entitled to summary judgment. The claim is premised upon the denial of leave for the first surgery. Notwithstanding the fact that the claim would be untimely, Bryant admits she did not have enough FMLA hours to cover the amount of time requested (Tr. 35:9-19), and ultimately, on December 12, 2022, Bryant submitted a revised leave request form requesting advanced leave but did not invoke FMLA. (*See* Dkt. # 29, Mot. Summ. J., Attach.: Tr. Excerpts, Ex. D, box 5, PageID # 922.) Relevant to the second surgery, Bryant does not argue that she was denied FMLA leave, nor can she. The VA approved her for continuous FMLA leave for the second surgery on June 1, 2023. (Tr. 88:20 – 90:1, Ex. N.)

Bryant is conflating the denial of advanced leave and leave without pay, with the denial of FMLA leave. Bryant's request for advanced leave, as well as her request for leave without pay, was denied. The wording used in the relevant emails demonstrate that it was Bryant's request for advanced leave and leave without pay that was denied; not her request for FMLA. (Tr. 36:6 – 37:11, 38:2-9; 39:12-41:25, Dep. Ex. E.) The subject line of the first email that was sent in error

[1] Plaintiff's Amended Complaint does not include a claim for failure to accommodate under the Rehabilitation Act. (*See* Dkt. # 15, Am. Compl.)

is "approved advanced leave for Regina Bryant" (*id.*, Ex. E, Bate Stamped page # 000287) and the subject line of the second email is "Disapproved advanced leave." (*Id.*, Ex. E, Bate Stamped page # 000290.) Bryant fails to set forth any evidence that she was denied FMLA for any period of time that she had FMLA hours available. Therefore, Defendant is entitled to summary judgment on Bryant's FMLA claims.

C. Bryant was not discriminated against in violation of the Rehabilitation Act.

Bryant fails to establish a prima facie case of disability discrimination pursuant to the Rehabilitation Act. To make a prima facie showing under the Rehabilitation Act, Bryant must show that (2) she is disabled; (2) she is otherwise qualified for the job, with or without an accommodation; (3) she has suffered an adverse employment action; (4) her employer knew or should have known of the disability; and (5) a nondisabled person was treated more favorably. *Bledsoe v. Tenn. Valley Auth. Bd. of Dirs.*, 42 F.4th 568, 578 (6th Cir. 2022).

Bryant argues she has a prima facie case of discrimination in violation of the Rehabilitation Act. (Dkt. # 34, Br. in Opp'n, PageID # 1028.) Bryant alleges she has suffered a materially adverse employment action, defendant knew of her disability, and that there is a causal connection between the alleged adverse action and her disability because nondisabled employees in Sterile Processing were treated more favorably. (*Id.* PageID # 1027, 1044-45.) Unfortunately for Bryant, she supports her contention of a materially adverse employment action with untimely discrete acts and alleged personal injuries.[2] (*Id.* PageID # 1028.)

---

[2] Specifically, Bryant alleges the following materially adverse employment actions:

> Defendant rescinded Plaintiff's approved FMLA leave for radical cancer surgery delaying treatment for seven months. This action directly impacted Plaintiff's health and safety, exacerbating her PTSD and anxiety, and force her to choose between her medical needs and her job.

As stated above, Defendant did not rescind Bryant's FMLA leave. There was a clerical error resulting in the Department of Human Resources erroneously notifying Bryant that her request for advanced leave was approved on December 21, 2022, which was rescinded on the same day. The denial of leave in December 2022 is not actionable because Bryant failed to timely exhaust those claims. Moreover, the denial of discretionary leave is not an adverse employment action. (*See* Dkt. # 25, Mot. Summ. J., PageID # 871-72.)

Similarly, Bryant's claim that comparators were treated more favorably is again premised upon untimely discrete acts (Dkt. # 34, Br. in Opp'n, PageID # 1028) and is not supported by the evidence.[3] Bryant has no knowledge of whether a similarly situated employee in the Sterile Processing Unit has a disability, nor does she have any knowledge of what type of leave that may or may not have been approved for a similarly situated employee. (*See* Dkt. # 25, Mot. Summ. J., PageID # 872.) Thus, she cannot show that a non-disabled similarly situated employee was treated more favorably.

Last, there is no evidence that the senior management officials who were responsible for approving Bryant's request for advanced leave or leave without pay knew about her disability. (Tr. 139:19-23, 141:10-14.) Other than her subjective beliefs, Bryant has no facts to support her belief that she was discriminated against because of a disability. (Tr. 73:20 – 74:2.) Bryant does not refute Defendant's argument that the alleged disability discrimination claim premised upon those acts that were properly exhausted fails to satisfy the *McDonnell Douglas* factors.

---

[3] During the actionable period, June 12, 2023, through July 26, 2023, Bryant was not denied leave because of a staffing shortage. Her leave request was approved on June 1, 2023. (Tr. 88:20 – 90:1, Ex. N.)

Even if Bryant could satisfy the *McDonnell Douglas* factors, Defendant has a legitimate non-discriminatory reason for his actions. (S*ee* Dkt. # 25, Mot. Summ. J., PageID # 873.) Bryant argues that Defendant's reason for denying advanced leave and leave without pay is pretextual. (*See* Dkt. # 34, Br. in Opp'n, PageID # 1045-46.) However, the underlying premise of her argument is incorrect. Bryant states, "Even assuming arguendo that advanced sick leave could be denied for operational reasons, Defendant also denied Plaintiff's request for leave without pay (LWOP)." (*Id.* PageID # 1047.) For both surgery dates, the request for advanced leave was not approved because it would be difficult for her to make up the advanced leave because she did not allow her leave to accumulate and because granting the leave would impede the operations for the shift given the current staffing level. (Tr. 56:16 – 57:8, 91:5 – 94:5, Dep. Ex. O.) Although Bryant claims that the reasons are pretextual, she does not contest the accuracy of the reasons for the denial. (*Id.*) She does not remember if the department was down staff members (Tr. 92:19-22) and she admits it would be difficult for her to make up any advanced leave. (Tr. 98:9-15, 99:3-5.) Ultimately, Bryant opted to take FMLA leave without pay. (Tr. 108:4-16, Ex. S.)

While an employee who is entitled to FMLA leave may opt to remain in a leave without pay status (*see* Depo. Ex. Q, Section IV), the employee is not entitled to advanced leave. Advanced leave is discretionary. Disagreement with the decision to deny the advanced leave request, does not equate to pretext, especially when Bryant does not contest the truth of the justification. Similarly, when not in conjunction with FMLA, leave without pay is discretionary. (Depo. Ex. U, p. 2-3, Section 3; p. 9, subsection r, attached to Dkt. #29, Mot. Summ. J.)

Bryant has not set forth a prima facie case of discrimination, therefore there is no need to shift the burden to Defendant to justify his actions. *McDonnell Douglas*, 411 U.S. at 802-806. And even if the burden shifts to Defendant, Defendant has legitimate non-discriminatory reasons for

his actions that are not a pretext for discrimination. Defendant is entitled to summary judgment on Bryant's Rehabilitation Act discrimination claim.

D. Title VII Retaliation

To state a prima facie case of retaliation, a plaintiff must prove that: (1) she engaged in protected activities; (2) her exercise of her civil rights was known by the defendants; (3) defendants thereafter took an employment action that was materially adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003) (citations omitted). Bryant cannot meet the second, third, or fourth element.

There is no evidence that the two senior management officials responsible for approving Bryant's advanced leave requests were aware of her prior EEO activity. Bryant has no knowledge that Mr. Schrier or Mr. Heimann's denial of her advanced leave request was discriminatory or retaliatory. (Tr. 139: 2-14, 141:1-14.[4]) Presumably, Bryant is now asserting the second element – knowledge of prior EEO activity – is established because her supervisor, Ms. Kendrick, was aware of prior EEO activity. Bryant loosely argues that the cat's paw doctrine is applicable. (Dkt. # 34, Br. in Opp'n, PageID # 1035.) The cat's paw theory requires a plaintiff to prove that the unbiased decision maker was influenced by another who was motivated by such bias. *Arendale v. City of Memphis*, 519 F.3d 587, 604 n.13 (6th Cir. 2008). The problem with Bryant's argument is there is no evidence that Ms. Kendrick's actions were motivated by discriminatory or retaliatory animus, as opposed to the operational needs of the department as stated. Further, there is no evidence that

[4] Bryant also testified that she has no knowledge that Mr. Heimann denied her request for advanced leave for the second surgery to create a hostile work environment. (Tr. 142:3-8.)

Ms. Kendrick intervened to have the erroneously issued email rescinded (*id.* PageID # 1036) or influenced senior management officials thereby resulting in an adverse employment action.

Next, Bryant argues that being assigned to work with a coworker with whom she has repeatedly accused of bullying and harassing is an adverse employment action. Bryant has repeatedly accused her co-workers of disability discrimination and or retaliation for protected EEO activity. None of the claims have been substantiated in Bryant's prior lawsuits that also asserted hostile work environment claims based on the conduct of her coworkers. *See Bryant v. Wilkie*, No. 1:19-cv-2048, 2020 WL 364224 (N.D. Ohio Jan. 22, 2020) (sua sponte dismissal for failure to plausibly allege harassment and hostile work environment claims); *Bryant v. Wilkie,* Case No. 1:20-cv-00726 & Case No. 1:20-cv-00732 (consolidated), Mem. Op. & Order, Dkt. No. 42, PageID # 1308-28 (harassment and hostile work environment claims dismissed); *Bryant v. McDonough*, Case No. 1:22-cv-207, 2024 WL 1075431, at *17, 18 (N.D. Ohio Mar. 12, 2024) (harassment and hostile work environment claims dismissed); *Bryant v. McDonough*, No. 1:24CV1135, 2025 WL 2799412, *4-6 (N.D. Ohio Sept. 30, 2025) (sua sponte dismissal of hostile work environment claim).

Likewise, in this case, Bryant has not produced any evidence that her coworker discriminated or retaliated against her or that management's scheduling decisions were driven by retaliatory or discriminatory motives. Bryant admits she has no knowledge that Ms. Arthur transferred to third shift as a means of harassing her. (Tr. 154:21 – 155:4.) Nor does she have knowledge that Ms. Kendrick transferred Ms. Arther to third shift as a means of harassing her. (Tr. 155:5-11.) Bryant further admits: 1) that she and Ms. Arthur do not speak to one another (Bryant Tr. 149:16-21); Ms. Arthur has never physically assaulted her (*id.,* Tr. 148:1-3); and Ms. Arthur has not said anything derogatory or verbally abusive (*id.,* Tr. 148:4-8).

Merely assigning Bryant and Ms. Arthur to the same shift does not amount to an adverse employment action. *Burlington Northern & Santa Fe Ry. v. White,* 548 U.S. 53, 68, (2006) ("Title VII ... does not set forth a general civility code for the American workplace.") (internal quotes omitted). "[T]he retaliation provisions of Title VII only proscribe conduct that is grounded in an animus regarding the employee's protected conduct, it does not protect against co-worker harassment that is not retaliatory in nature." *Owen v. Peak*, No. 3:02CV179, 2008 WL 4449011, at * (S.D. Ohio Sept. 26, 2008) (citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998) (instructing that judicial standards must "filter out complaints attacking the ordinary tribulations of the workplace"); *Bozeman v. Per–Se Techs., Inc.,* 456 F.Supp.2d 1282, 1346 (N.D. Ga. 2006) (noting that plaintiff must establish that alleged acts of co-worker mistreatment were "because of his protected activity, as opposed to some lawful factor, such as his co-workers simple dislike for him")).

Bryant fails to set forth a prima facie case of retaliation for prior EEO activity. Once again, Bryant impermissibly relies on time barred acts – the alleged recission of FMLA leave in December 2022 and the alleged personal injuries – to establish she has suffered an adverse employment action. Bryant has not provided any evidence of an adverse employment action within the 45 days prior to her contacting EEO on July 26, 2023.

There is no genuine issue of material facts on the Title VII retaliation claim. (*See* Dkt. # 34, Br. in Opp'n, PageID # 1029-30.) Bryant's claims are based on her subjective beliefs with no basis in fact. (Tr. 70:10-18, 73:1-13, 118:21 – 119:10.) There is no evidence that senior management officials knew of Bryant's prior EEO activity or were influenced by those employees that were biased because of her prior EEO activity. Bryant also lacks evidence that she experienced an adverse employment action. For these reasons and the reasons in Defendant's Motion for

Summary Judgment (Dkt. # 29, Mot. Summ. J., PageID # 873-75), Defendant is entitled to summary judgment on Bryant's Title VII retaliation claim.

E. Defendant is entitled to summary judgment on all of Bryant's Title VII and Rehabilitation Act claims that are properly before the Court.

Bryant does not address Defendant's arguments on whether the Defendant's actions taken between June 12, 2023, and July 26, 2023, violated Title VII and/or the Rehabilitation Act. Those acts are the only basis for the Title VII retaliation claim and Rehabilitation Act discrimination claims properly before this Court. Therefore, the Court may treat those arguments not addressed by Plaintiff as waived. *S.P. v. Knox Cnty. Bd. of Educ.*, 329 F. Supp.3d 584, 594 (E.D. Tenn. Sept. 12, 2018) ("It is well understood "that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."") (quoting *Cunningham v. Tennessee Cancer Specialists*, 957 F.Supp.2d 899, 921 (E.D. Tenn. 2013)); *see also Mosaic Financial Ltd v. Mutual Shareholder Servs., LLC*, 767 F. Supp.3d 619, 661 (N.D. Ohio Feb. 18, 2025) (arguments stated in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are usually waived) (quoting *United States v. Johnson,* 440 F.3d 832, 846 (6th Cir. 2006).

F. Hostile work environment claim.

There is no evidence that the workplace is "permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently sever or pervasive to alter the conditions of [Bryant's] employment and create an abusive working environment.'" *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). Although Bryant testified that the hostile work environment claims are premised upon management scheduling her and Ms. Arthur to work on the same shift (Tr. 147:5 – 150:6), her brief in opposition makes additional allegations. (Dkt. # 34, Br. in Opp'n, PageID # 1031-33.)

While not clearly expressed, it appears Bryant is alleging the denial of her leave requests in December 2022 and alleged interference with FMLA leave constitutes harassment. The denial of discretionary leave was not discriminatory (see Dkt. # 29, Mot. Summ. J., PageID # 871-72), Defendant did not interfere with Bryant's FMLA leave, nor did Defendant engage in any conduct that was subjectively and objectively hostile or abusive as these terms are defined in employment discrimination litigation. *Harris,* 510 U.S. at 23. Defendant is entitled to summary judgment.

CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's Motion for Summary Judgment, Defendant is entitled to summary judgment on all of Plaintiff's claims. Defendant respectfully moves this Court for an Order granting summary judgment.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney
Northern District of Ohio

By: s/ Renée A. Bacchus
Renée A. Bacchus (OH 0063676)
Assistant U.S. Attorney
U.S. Attorney's Office
801 W. Superior Avenue, S. 400
Cleveland, OH 44113
(216) 622-3707 – phone
(216) 522-4982 – fax
Renee.bacchus@usdoj.gov

Attorney for Defendant

## PAGE LIMIT CERTIFICATION

The forgoing ***Defendant's Reply to Plaintiff's Brief in Opposition to the Motion for Summary Judgement*** is Eleven (11) pages in length and complies with the page limit for matters assigned to the Standard Track in compliance with Local Rule 7.1.

/s/ Renée A. Bacchus
Renée A. Bacchus
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The foregoing, ***Defendant's Reply to Plaintiff's Brief in Opposition to the Motion for Summary Judgement*** was filed electronically on March 18, 2026, and a copy will be served upon all parties of record via the Court's electronic docketing system. A true and accurate copy was sent via email and regular U.S. Mail, postage pre-paid, on March 18, 2026, to:

Regina Bryant
11410 Scottwood Ave
Cleveland, OH 44108
Ginab2324@yahoo.com

/s/ Renée A. Bacchus
Renée A. Bacchus
Assistant United States Attorney